ALBANY,<br>August, 1809.

Rawson<br>v.<br>Turner.

* 1 *Salk.* 29.

Rule refused.

------ ⊛ ------

RAWSON *against* TURNER, sheriff of *Rensselaer*.

THIS was an action of debt. The declaration stated, that in *April* term, 1798, the plaintiff recovered a judgment, in this court, against *Isaac Bull*, for 458 dollars and 2 cents, which judgment is still in force, &c. that on the 11th *May*, 1798, the plaintiff sued out a *ca. sa.* on the said judgment, returnable before the said justices, either to consider the prisoner in execution, and so charge the new sheriff or, as out of execution, and charge the old sheriff. If he has once made his election, and sued the old sheriff, and recovered judgment against him, it is conclusive, and a bar to any action against the new sheriff.

If a new sheriff receives a prisoner from his predecessor, he is answerable for his escape, though a voluntary escape may have existed in the time of his predecessor; but the plaintiff has his election, for the last escape,

of the said court, at, &c. on the last *Tuesday* of *July* next; which was, on the same day, delivered to *James Dole*, then the sheriff of the county of *Rensselaer*, to be executed; that *Dole*, on the same day, arrested *Bull*, and kept him in his custody; and *Bull* was kept in custody, in execution of the said judgment, until the defendant, on the 25th *April*, 1808, he then being sheriff of the county of *Rensselaer*, suffered him to escape, &c. whereby an action hath accrued, &c.

The defendant pleaded the general issue, with a notice of all the facts afterwards offered in evidence at the trial.

The cause was tried at the *Albany* circuit, in *October*, 1808, before Mr. Justice *Spencer*.

The plaintiff proved the record of the judgment, and offered the *ca. sa.* in evidence; and proved that *Bull*, the prisoner, was duly assigned, with the gaol, by *Dole*, on the 20th *November*, 1800, to *Moses Vail*, then sheriff, and by *Vail*, on the 1st *February*, 1801, to *Michael Henry*, his successor in office, and by *Henry*, in *March*, 1807, to *Levinus Lansing*, his successor, and by *Lansing*, to the defendant, on the 26th *February*, 1808; that on the day charged in the declaration, *Bull* was at large, and out of the limits of the gaol of *Rensselaer* county; and that at the time of the last assignment of the prisoners, *Bull* was present, and shown to the defendant, as one of the prisoners assigned. This evidence was objected to by the defendant's counsel, on the ground, that it was not averred in the plaintiff's declaration, that *Bull* was ever in the custody of the defendant; but the objection was overruled by the judge, and the evidence admitted.

The defendant then gave in evidence the record of a judgment, recovered in *April*, 1802, by *Dole*, against *Bull*, and one *Potter*, on a bond given to *Dole*, as sheriff, for the gaol liberties, granted to *Bull*, and that the recovery was for nominal damages only.

The defendant also gave in evidence, the record of a judgment, recovered by the plaintiff, in *August* term, 1806, against *Dole*, as sheriff, for the *escape* of *Bull*, on the *ca. sa.* above mentioned, for the sum of 458 dollars and 2 cents.

ALBANY,
August, 1809.

Rawson
v.
Turner.

The defendant then offered to prove, that *Dole* voluntarily permitted *Bull* to escape. This was objected to, but admitted by the judge.

By consent, *Bull* was sworn as a witness, and testified, that about a year after he was taken into custody, *Dole* permitted him to escape, and repeatedly told him, that he might go about his business, and that he did not want him any longer ; that in consequence of such permission, he went home, and staid two weeks, when he was retaken by *Dole*, and kept in close confinement, where he remained for a year and a half; that he had never given bail or security to the sheriff, and that while *Lansing* was sheriff, he frequently went at large, with his knowledge.

It was admitted, that in the suit, brought by *Rawson* against *Dole*, the plaintiff recovered for a *negligent* escape only.

*Dole*, who was called as a witness, testified, that he had no recollection of ever giving such a permission to *Bull*, and was confident that he did not, otherwise, he should not have retaken him ; that *Bull*, while in custody, was very troublesome, and he might have told him, to go about his business.

The judge charged the jury, that if they believed *Bull*, they ought to find for the defendant ; that as he swore positively, and *Dole* merely, that he did not recollect giving the permission, they ought to believe *Bull*, in preference, so as to avoid the imputation of perjury.

The jury found a verdict for the defendant.

ALBANY,
August, 1809.

Rawson
v.
Turner.

A motion was made, to set aside the verdict, and for a new trial.

*Foot*, for the plaintiff. The evidence of *Bull*, that *Dole* permitted him to escape, ought not to have been admitted.

After the assignment by *Dole* to *Vail*, and by *Vail* to the defendant, the latter was estopped from saying that *Bull* was not his prisoner. The defendant having received *Bull* as a prisoner, and having been assigned to him as such, is estopped from alleging to the contrary.*

*4 Com. Dig.*
*76. Cro. Eliz.*
*756, Dyer, 196.*

After *Dole* had permitted *Bull* to escape, a new execution might have issued, under the statute; but this was unnecessary after the recaption, and subsequent acquiescence by *Bull*, who must be bound by such acquiescence; for he was present when the prisoners were assigned, and submitted to the assignment.

Again, the judge misdirected the jury. *Dole* said, that he was confident he did not give permission to *Bull* to go at large. The testimony of the two witnesses was balanced, and it ought to have been left to the jury to believe the one whom they thought most credible. *Dole's* evidence was corroborated by the fact of *Bull's* continuing in custody.

*Russell*, contra. 1. The *ca. sa.* on which *Bull* was arrested was void. It was issued, subsequent to the act of 1799,† altering the form of the return of writs, and directing them to be made returnable "Before our justices of our supreme court," &c. If the writ was void, it may be taken advantage of by the defendant; and a sheriff is not liable, where the process is absolutely void.‡

† *Greenleaf's*
*ed. of Laws,*
*vol. 3. p. 61.*
*Drake v.Miller,*
*Cole. Cas. 85.*

‡ *Cro. Eliz. 164.*
*Cro. Jac. 3.note.*
*2 Salk. 700.*

2. There was no averment in the declaration, that *Bull* was ever in the custody of the defendant. Every material fact, which is to be proved, must be averred in

the declaration. It was not competent, therefore, to prove that fact.*

3. A prisoner must be legally in the custody of the sheriff, to make him responsible for an escape.† It was competent to the defendant to show, that *Dole* had voluntarily suffered *Bull* to escape, and afterwards retook him, which he could not lawfully do, nor could *Bull* be held in custody, after the voluntary escape.

4. *Dole* having become liable to an action, for the escape, and as the plaintiff has *elected* to bring his action against him, for the escape, and has recovered judgment, he must be considered as having waived any other remedy. He ought not to be allowed to bring another action, against a subsequent sheriff.

The plaintiff may bring an action againt the sheriff, for the escape, or retake the prisoner ; he cannot do both.‡

ALBANY,
August, 1809.

Rawson
v.
Turner.

* 2 *Stra.* 1225.
3 *Bos. & Pull.* 456.
† 2 *Bac. Ab.* 250. *Escape.*

‡ 2 *Wils.* 295.

VAN NESS, J. delivered the opinion of the court. If a new sheriff regularly receives a prisoner from his predecessor, he is bound to detain him, and is answerable for his escape, although a voluntary escape may have existed in the time of his predecessor. The cases of *Lenthal* v. *Lenthal*, (2 *Lev.* 109.) of *James* v. *Pierce*, (2 *Lev.* 132. and 1 *Ventris*, 269.) and of *Grant* v. *Louthers*, (6 *Mod.* 183.) have so fully established this rule of law, that on this ground, if no other difficulty intervened, the plaintiff would be entitled to a new trial.

But it appears that the plaintiff elected to prosecute *Dole*, the former sheriff, to judgment, for the escape in his time ; and a question arises, whether this does not bar the plaintiff of all right of action, against the present sheriff, for the escape of the prisoner, since he was committed to his custody. In the case of *James* v. *Pierce*,

the court held, " that notwithstanding the first vo-
luntary escape, when the prisoner was in prison again,
he was so far in custody, that the plaintiff had an *election*,
either to take him as *now in execution*, and so charge
the new warden for the last escape, or to admit him out
of execution, and charge the old warden." The plaintiff
here, then, had his *election*, either to consider the prison-
er, after his recaption, as in the custody of *Dole*, or not;
and it becomes necessary to decide, whether the plain-
tiff has made his election, and if he has, then, what is
the effect of it.

The case states, that after the escape, in the
time of *Dole*, in 1806, the plaintiff, so far from
affirming *Bull* to be in *Dole's* custody, charged *Dole*
with the escape, and obtained judgment against him, for
the whole amount of his debt. This appears to me to
be a sufficient determination of the plaintiff's election,
not to consider *Bull* in *Dole's* custody; and the prosecuting
*Dole* to *judgment* determines the election finally and ir-
revocably. Thus, " if A. grant to B. for life, an annuity,
or a robe at the feast of *Easter*, and both are behind,
the grantee ought to bring his writ of annuity, in the
disjunctive, for if the grantee bring his writ of annuity
for the one only, and recover, the *judgment*," says Lord
*Coke*, " shall determine his election for ever. Again, if
the grantee bring a writ of annuity, and after the return
thereof doth appear and count, *this* is a determination of
his election in a writ of record; albeit, he never pro-
ceedeth any further." (See Sir *Rowland Heyward's*
case, 2 *Co. Rep.* 36.)

The plaintiff having made his election, he is concluded
by it. This is reasonable. He ought not to be allowed
to proceed against the sheriff for the escape, and at the
same time hold the prisoner in execution. It is true,
there are cases where the party has concurrent remedies
for the same cause of action, against several persons.

Such, for instance, are suits by the holder against the drawer and indorsers of a bill of exchange, against the maker and indorsers of a promissory note, against several obligors in the same bond, against trespassers, severally, for the same trespass. In these instances, the proceedings may be carried on to judgment, though the plaintiff is limited to a single satisfaction. It will be observed, that in the cases which I have enumerated, the cause of action is the same, that it accrues against all, at the same time, and that the concurrent remedies are perfectly consistent and compatible with each other, and this distinguishes them from the present case. The plaintiff here might have considered *Bull*, as being in *Dole's* custody, or not, at his election. The right of election has been exercised, by the suit commenced, and the judgment recovered against *Dole*. *Bull*, therefore, in judgment of law, cannot be considered as in *Dole's* custody, upon the plaintiff's execution after the first escape, and he, of course, was never legally in the custody of *Dole's* successors. The plaintiff elected to disaffirm the recaption and subsequent im  sonment of *Bull;* and hence, it is evident, that to give him a remedy against the present sheriff, is inconsistent and incompatible with the former remedy actually pursued against *Dole.* This point goes to the merits of the cause; and being of opinion that the plaintiff cannot waive the election which he has once made, and of course, that he can never recover against the present sheriff, it is unnecessary to consider the other questions submitted in the argument.

Motion denied.