ALBANY,<br>January, 1816.

M·Elroy<br>v.<br>Mancius.

Judgment for the defendants.

---

M'Elroy *against* Mancius, *late Sheriff of Albany.*

THIS was an action of *debt*, for the escape of one *Amos Hubble*, a prisoner in execution, brought against the defendant, the late sheriff of the city and county of *Albany*. The cause was tried at the *Albany* circuit, in *October*, 1815.

The declaration stated the judgment and *ca. sa.*, in this court, against *Hubble*, and that he escaped on the 11th of *March*, 1815. The defendant pleaded the general issue, with an affidavit annexed, that the escape, if any, was involuntary, and without his knowledge, and *notice* of special matter to be given in evidence.

The plaintiff, at the trial, having proved the case on his part, the defendant offered to prove that, after the escape of *Hubble*, he voluntarily returned to the custody of the defendant, and remained a prisoner in execution, at the suit of the plaintiff, until the 22d day of *March*, 1815; that he then was assigned and delivered to *Isaac Hemstead*, the present sheriff; that, while remaining in his custody at the suit of the plaintiff, on the 6th of *April*, 1815, *Hubble* having applied, after due notice given to the plaintiff, for his discharge, pursuant to the act for the relief of debtors, with respect to the imprisonment of their persons, was discharged accordingly; and that the plaintiff appeared on that notice, and opposed the discharge, thereby acknowledging him to be still in custody and execution, by virtue of the *ca. sa*; but the testimony was overruled by the judge, who declared

Where a plaintiff brings an action against a sheriff for the escape of a prisoner in execution, the plaintiff's election, to consider him as out of custody, is thereby determined, and he cannot resort to a remedy which would be an acknowledgment of his being in custody.

Therefore, after bringing an action against the sheriff for an escape, he cannot oppose the discharge of the prisoner under the act for the relief of debtors, with respect to the imprisonment of their persons.

The sheriff cannot avail himself, as a defence, of the acts of the plaintiff, subsequent to the suit commenced, recognising the prisoner to be still in custody; such recognition being inoperative, as the plaintiff, by suing the sheriff, has determined his election.

It seems, that the mayor's court of Albany

has no jurisdiction, under the act for the relief of debtors, with respect to the imprisonment of their persons, in case of a debtor imprisoned in the county of *Albany*, under an execution out of the supreme court; but that the common pleas of *Albany* county have jurisdiction in such case.

that it did not form a sufficient ground of defence, and directed the jury to find a verdict for the plaintiff, which they did accordingly.

The cause was submitted to the court without argument.

*Per Curiam.* The only question is, whether the plaintiff's opposition to the discharge of *Hubble* was such a *recognition of him, as a prisoner under plaintiff's ca. sa.,* as would amount to a legal defence in this suit?

In the case of *Rawson v. Turner,* (4 *Johns. Rep.* 469.,) it was decided, that if " there has been an escape, both in the time of the *former,* and of the *new* sheriff, the plaintiff has an election, either to consider the prisoner *in execution,* and so charge the new sheriff for the last escape, or as *out of execution,* and charge the old sheriff." And that " the bringing a suit against the one, or the other, is a determination of his election."

In the case of *Dash v. Van Kleeck,* (7 *Johns. Rep.* 477.,) where, after an escape of a prisoner on execution, and return into custody, the sheriff went out of office, and assigned the prisoner to his successor ; and while in his custody the prisoner applied for his discharge, under the act for the relief of debtors, &c., and the plaintiff, *not knowing of the escape,* opposed the application, in consequence of which the prisoner remained in custody ; it was held, that this was not such an election to affirm the debtor in custody, as amounted to a waiver of the plaintiff's remedy against the former sheriff for the escape. These cases show that the plaintiff may lose his former right of action, by resorting to another remedy.

But this case is distinguishable from those above cited, in this essential feature ; viz. that the act of affirming the prisoner *in execution,* was done *after the plaintiff* (by this suit) *had made his election* to consider him *out of execution.*

A *subsequent* attempt to obtain another remedy, is no bar to this suit, which was rightfully commenced, and which *determined* the plaintiff's election. Here it appears that the plaintiff failed in his opposition to the discharge of the prisoner ; and such failure may have been on the very ground that he had elected another remedy by suing for the escape, and, therefore, had no right to object to the discharge of the prisoner.

Besides, it may well be doubted whether the whole proceeding, relating to the discharge of *Hubble*, was not *coram non judice*. We incline to the opinion, that the *mayor's court* of the city of *Albany* is not a " *court of common pleas*," within the fifth section of the act for the relief of debtors, &c. (1 *R. L.* 351.) The *general rule*, under this act, (sect. 4..) is, that each court of record can afford the relief only to prisoners confined under its own process; but the fifth section authorizes " *the court of common pleas in the county*" in which, &c., to execute this law in regard to prisoners confined upon executions issued from this court. Such a jurisdiction cannot be vested without *express authority*; and, in this case, I think there is no just ground even to *imply* such authority; because, in the county of *Albany*, there is a " court of common pleas," as in the other counties, entirely independent of the *mayor's court.*

The order of the mayor's court of *Albany*, for discharging, or refusing to discharge, *Hubble*, would, therefore, have been equally a nullity.

We are of opinion, that the evidence offered on the part of the defendant was properly overruled; and that the plaintiff is entitled to judgment.