EX PARTE VOLTZ.

ESCAPE.—*Judgment against Sheriff.*—*Recapture.*—*Bastardy.*—Where a defendant in a bastardy suit is imprisoned for a failure to pay or replevy a judgment rendered against him in such suit, and escapes without the consent of the sheriff, and is not recaptured for three months thereafter, and judgment is recovered against the sheriff, on his bond, for the escape, by the relatrix in the original suit, and the judgment is not paid, the defendant cannot be recaptured and imprisoned.

APPEAL from the Ripley Common Pleas.

DOWNEY, J.—Voltz petitioned the court for the writ of *habeas corpus,* alleging in his petition that he was illegally restrained of his liberty, in the jail of Ripley county, by George W. Russ, the sheriff, etc., and prayed to be discharged. The sheriff produced the body of the defendant in obedience to the writ which was ordered by the court, and as the cause of his detention stated, in his return, that in August, 1867, in the circuit court, the said Voltz was, in a suit in the name of the State, on the relation of one Louisa Billman, against him, adjudged to be the father of her illegitimate child, and required to pay for its support, etc., certain sums of money. That he failed to pay or replevy the same, and in consequence was committed to the jail of the county by order of the court. He made a copy of the order of commitment part of his return. He further alleged

that on the 26th day of September, 1867, without the consent of the sheriff or the jailer, the defendant, without paying or replevying said judgment, forcibly and unlawfully escaped from the jail; and that he was recaptured by the sheriff of said county, as an escaped prisoner, on the — day of November, 1871, and returned to said jail; and that he now holds him as above.

On exception to this return by the prisoner, it was adjudged sufficient, and the question was reserved.

Voltz, pleading to the return, admitted the recovery of the judgment against him; that failing to pay or replevy the judgment, he was committed to the jail of the county, and to the charge of John W. Hamilton, who was then sheriff of said county; and alleged, that, while in the charge of said Hamilton, as such sheriff, on the 26th of September, 1867, he escaped from the jail of said county, through the negligence of said sheriff, and was never rearrested until the 16th day of November, 1871; and that for the last preceding three years he had been a citizen of the State of Indiana, and a resident of Jefferson county, in said State; that on the 5th day of March, 1868, suit was instituted in the name of the State of Indiana, on the relation of said Louisa Billman, by her next friend, against said Hamilton, as sheriff, to recover the amount of the judgment in favor of said Louisa against him before mentioned; and that she recovered against said Hamilton the sum of six hundred and thirty-one dollars and eighty cents, in full discharge and satisfaction of her judgment against him, and does not now make any claim against him in the proceeding referred to in the return; wherefore, etc. A copy of the judgment against Hamilton is made part of this pleading.

Upon exception to this pleading by Russ, the sheriff, it was adjudged insufficient, and the petitioner excepted. Thereupon he was remanded to the custody of the sheriff. He appeals.

Two errors are assigned; first, the overruling of the ex-

ceptions to the return of the sheriff; and, second, the sustaining the exceptions to the petitioner's reply thereto.

The inquiry, we think, resolves itself into two questions; first, had the plaintiff in the bastardy case the right to have the petitioner rearrested and again put in prison? and, second, if not, had the sheriff the right to rearrest and imprison him, without the concurrence of the plaintiff in that case?

Upon the first question we think the authorities establish the proposition that when a creditor brings an action against the sheriff for the escape of a prisoner in execution, and thereby elects to consider him out of custody, he cannot insist on rearresting the prisoner, or his continuance in custody. *McElroy* v. *Mancius*, 13 Johns. 121; *Littlefield* v. *Brown*, 1 Wend. 398; *Rawson* v. *Turner*, 4 Johns. 469.

The State, on the relation of Louisa Billman, having sued Hamilton, the sheriff, for the escape, and obtained a judgment against him, cannot now insist on the imprisonment of the petitioner. See, also, Crocker Sheriffs, sec. 614.

We are referred by counsel for the sheriff to the case of *Jackson* v. *Bartlett*, 8 Johns. 361, but that case only decides that after an escape by the defendant from custody on a *ca. sa.*, the plaintiff may proceed against the sheriff for the escape, and at the same time take out a *fieri facias* against the property of the defendant, for the reason, it is said, that the remedies are not inconsistent. This case is not in conflict with the authorities above cited.

The next question is, had Russ the right to arrest and hold the petitioner in custody? We are not referred to any statute or any rule of the common law by which, under the circumstances disclosed in this case, he has any such right. It is enacted that, "if any prisoner confined on civil process shall violently escape from prison, without the connivance of the jailor, and such prisoner shall be recommitted to the prison whence he escaped, within three months next after such escape, such recommitment shall operate to bar any recovery against the sheriff for such escape, except for the

costs of any action that shall have been previously commenced against him therefor." And again, "if judgment in any such action for escape shall have been rendered against the sheriff before the expiration of three months, such recommitment of the prisoner as mentioned in the next preceding section, shall operate as a satisfaction of all such judgment, except the costs." 1 G. & H. 411, secs. 9 and 10.

These sections would seem to give the sheriff a reasonable time in which to recapture the prisoner. In this case, more than four years elapsed before the prisoner was arrested, during three of which he was a resident of the State and of an adjoining county. It was probably the intention of the legislature, in the enactments above quoted, to limit the time within which what is called fresh suit or pursuit may be made by the sheriff. Gwynne Sheriffs, 410; Crocker Sheriffs, secs. 609 and 610.

It seems to be settled that when, in consequence of a negligent escape, the sheriff has to pay the judgment on which the prisoner was committed, he may recover the amount of the prisoner as for money paid. Crocker Sheriffs, sec. 615.

It is provided by statute in this State that when the sheriff, or any surety on his bond, shall be compelled to pay any judgment, or any part thereof, by reason of any default of such officer, except for failing to pay over money collected, or for wasting property levied on, the judgment shall not be discharged by such payment, but shall remain in force for the use of the sheriff or surety making such payment, and, after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use. 2 G. & H. 309, sec. 676. But this section gives the sheriff or surety no remedy until after the judgment shall have been paid; and then it would be a question whether the right would remain or exist to imprison the defendant, or only to have execution against his property.

When the escape has been voluntary, that is, by the consent of the sheriff, the sheriff cannot recapture the prisoner without new process. Nor, if he is compelled to pay the

debt, can he, as it appears, recover the amount from the prisoner at common law.

The exception to the reply should have been overruled.

The judgment back to and including the ruling on the exception to the reply of the petitioner is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*G. Durbin,* for appellant.

*W. D. Ward, J. B. Reback,* and *B. W. Hanna,* Attorney General, for the State.

