DEMMING L. RATHBONE, Trustee, etc., Respondent, *v.* PETER HOONEY, impleaded, etc., Appellant.

| | |
|---|---|
| 58 | 463 |
| 112 | 99 |
| 58 | 463 |
| 116 | 165 |
| 58 | 463 |
| 135 | 324 |
| 58 | 463 |
| 153 | 173 |

S. died seized of certain premises, leaving a will by which she devised the same to B. in trust to receive the rents and profits and apply to the benefit of R. during her life, remainder to B. in fee. B. and R. united in executing a mortgage, in their individual capacity, upon the premises, which was foreclosed, they being made parties defendant There was no allusion in the mortgage or subsequent proceedings to the trust, or to B. in the character of trustee. In an action of ejectment brought by plaintiff, who succeeded to the interest of B. as trustee, defendant claimed under the foreclosure sale. *Held*, that the mortgage bound the interest of B. in the remainder, but did not affect the life estate held by her in trust, as she had no power of disposition over it (1 R. S., 729, § 65) and as R. had no estate or interest in the land; and that the judgment of foreclosure did not operate as an estoppel to preclude plaintiff from asserting title.

It is the proper purpose and scope of a foreclosure suit to bar interests in the equity of redemption, and the decree does not affect rights paramount to those of the mortgagor and mortgagee.

A judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in a representative capacity.

The provision of the act of 1854, in reference to the city of Brooklyn (§ 33, chap. 384, Laws of 1854), declaring that a conveyance on tax sales in said city "shall contain a brief statement of the proceedings had for the sale," and "shall be evidence that such sale and other proceedings" were regular, makes the conveyance evidence only of the regularity of the sale and the other proceedings connected with it, not of the assessment or proceedings which take place before the right to sell attaches; and to sustain such a conveyance the regularity of these preliminary proceedings must be shown.

(Argued September 28, 1874; decided October 6, 1874.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff entered upon the decision of the court upon trial without a jury.

This was an action of ejectment brought to recover possession of a certain house and lot in the city of Brooklyn.

On or about April 1st, 1857, one Rebecca Smith died seized of the premises in question. By her will, duly admitted to probate June 22d, 1857, she disposed of these premises in the following language, to wit: "I give and devise my house and lot, known as (107) one hundred and seven Pearl street, in the city of Brooklyn, county of Kings and State of New York, to my granddaughter, Maria A. Brown, in trust, to receive the rents and profits thereof and apply the same to the use of my daughter, Maria Rathbone, during her natural life; and from and after the decease of my said daughter I give and devise the same to my said granddaughter, Maria A. Brown, her heirs and assigns, forever."

On November 15, 1862, Maria Rathbone and Maria A. Brown, by a mortgage in the usual form, mortgaged the premises in question to one Sarah Stothard to secure the payment of $1,500 and interest. Default having been made in the payment, the mortgagee brought an action for the foreclosure of this mortgage, in which action Maria Rathbone and Maria A. Brown were the sole defendants. No allusion was made in the complaint to the trust or to the position of Maria Rathbone, as trustee. It was simply in the usual form. The defendants appeared by attorney and waived service of all papers. The usual judgment of foreclosure and sale was entered and the premises sold thereunder. Defendant claims, through various mesne conveyances, under the deed given on such sale. Maria A. Brown died December 12th, 1868, and plaintiff was appointed trustee in her stead.

Defendant also offered in evidence a conveyance to him of the premises in question by the permanent board of water and sewerage commissioners of the city of Brooklyn upon sale for a water tax, dated April 20th, 1872, which convey-

ance recited the assessment of the tax and the various subsequent proceedings required by the statute up to and including the sale of the premises for a term of years.

*Carlisle Norwood, Jr.,* for the appellant. The judgment in the foreclosure suit is a bar to the claim of plaintiff. (*Clemens v. Clemens,* 37 N. Y., 89; *Gates v. Preston,* 41 id., 113; *White v. Merritt,* 7 id., 352; *Fisher v. Hepburn,* 48 id., 52; *Demarest v. Dary,* 32 id., 281; *Kinnier v. Kinnier,* 45 id., 535; *Woodgate v. Fleet,* 44 id., 1; *White v. Coatsworth,* 6 id., 137; *Kemp's Lessee v. Kennedy,* 5 Cranch, 486; *Savage v. Allen,* 54 id., 458; *Shaw v. Dusenbury,* 13 Gray, 292.) A prior judgment is conclusive as to all having an interest in the subject-matter of the suit. (*Bates v. Stanton,* 1 Duer, 79; 1 Greenl. Ev., § 523; Howell's State Trials, 538; *Burr v. Bigler,* 16 Abb., 177; *Monroe v. Delavan,* 26 Barb., 16.) The conveyance from the water board of Brooklyn was *prima facie* evidence of the validity of the preliminary proceedings. (Chap. 396, Laws of 1859; chap. 384, Laws of 1854; *McCready v. Seaton,* 4 Am., 225; *Finlay v. Cook,* 54 Barb., 29; *Johnson v. Elwood,* 53 N. Y., 431.)

*N. H. Clement* for the respondent. The mortgage was absolutely void, except as to the vested remainder of Maria A. Brown. (1 R. S. [Edm.'s ed.], 678, §§ 55 [3], 60, 63, 65; *Cruger v. Jones,* 18 Barb., 467; *Noyes v. Blakeman,* 2 Seld., 567; *Hallet v. Thompson,* 5 Paige, 583; *Genet v. Foster,* 18 How., 54.) The trust interest was a superior title to the mortgage. (*Maloney v. Horan,* 49 N. Y., 111; *Lewis v. Smith,* 5 Seld., 502.) The defence of the water sale is not established. The deed is only evidence of the sale and of the proceedings of the sale. (Laws 1854, p. 881, § 33; *Beekman v. Bigham,* 1 Seld., 366; *Brunner v. Eastman,* 50 Barb., 640.)

ANDREWS, J. Mary A. Brown took, under the will of Rebecca Smith, an estate as trustee for the life of Maria Rathbone in the premises in question, and also a vested remainder

in fee. The trust was to receive the rents and profits of the land, and apply them to the use of Maria Rathbone during her life, and is one of the express trusts authorized by the Revised Statutes. (1 R. S., 729, § 55.) Mary A. Brown had therefore, after the death of the testatrix, an interest in the premises as trustee, and also in her own right as remainderman. In respect to the latter she had complete power of disposition. She could alien or incumber it, and it was subject to her debts. In respect to her interest as trustee, she had no power of disposition whatever, and any attempt to sell or mortgage it would have been by the express terms of the statute, absolutely void. (Sec. 65.) The *cestui que trust*, Maria Rathbone, took under the will no estate or interest in the land. (Sec. 60.) While the title was in this condition, Mary A. Brown and Maria Rathbone united in executing a mortgage on the premises to Sarah Stothard for $1,500, under the foreclosure of which the defendant claims title. The mortgage attached to and bound the interest of Mrs. Brown in the remainder, but it did not affect the life estate held by her as trustee. That interest was inalienable, and if the mortgage had purported to change it, or had been executed by Mrs. Brown as trustee, it would have been ineffectual and void. This is not disputed by the counsel for the defendant, but it is claimed that judgment of foreclosure operates as an estoppel, and precludes the plaintiff, who has succeeded Mrs. Brown as trustee in the trust created by the will, from asserting a title to the premises. There is no ground upon which this claim can be supported. The mortgage was executed by the mortgagors in their individual character. The foreclosure action was against them as individuals and the judgment passed against them by default. There was no allusion in the mortgage or in any of the subsequent proceedings, to the trust or to the position or character of Mrs. Brown as trustee. The complaint in the foreclosure suit was in the ordinary form, and the plaintiff therein demanded the usual relief, viz., the sale of the premises and that the mortgagors and all claiming under them be barred and foreclosed of all right, claim, lien,

and equity of redemption therein, and the judgment in this respect followed the complaint and also contained the usual clause that the purchaser at the sale be let into possession on production of the referee's deed.

It is obvious that the validity of the mortgage, as a mortgage of the trust estate, was not and could not have been adjudged in the foreclosure suit. The plaintiff was entitled to the judgment rendered, wholly irrespective of that question. The mortgage bound the interest of Mrs. Brown, in the remainder and the judgment followed by a sale, extinguished it, and it passed to the purchaser. It cannot be presumed that the court intended by the judgment to establish the validity of the mortgage, as a charge upon the trust estate, in face of the statute which makes every conveyance or other act of a trustee in contravention of the trust absolutely void.

The title which the plaintiff in this action asserts as trustee is consistent with the judgment in the foreclosure suit. That judgment was final for its own proper purpose and object, and no further. (3 East, 346.) It is the proper purpose and scope of a foreclosure suit to bar interests in the equity of redemption, and the decree does not affect rights paramount to those of the mortgagor and mortgagee (*Lewis* v. *Smith*, 5 Seld., 502), and such was the interest which Mrs. Brown had as trustee when she executed the mortgage. Her interest in remainder was subordinate to the prior estate for life *in trust* created by the will and she was not bound to set up her claim as trustee, when made a party to the foreclosure in the absence of any averment in the complaint in respect to that interest or claim or that it was subject to the mortgage. It is also a conclusive answer to the claim that the judgment in the foreclosure suit is an estoppel, that a judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character. In the latter case he is in contemplation of law a distinct person and a stranger to the prior proceedings and judgment. (*Robinson's Case*, 5 Co., 32, 36 ; *Jackson* v. *Mills*,

13 J. R., 463 ; *Sinclair* v. *Jackson*, 8 Cow., 565 ; *Jackson* v. *Hoffman*, 9 id., 271.)

The plaintiff was therefore entitled to recover the premises in controversy unless the title of the trustee was divested by the sale for water tax in 1868. The defendant, to establish his title under that sale, offered in evidence a conveyance for a term of years of the premises in question executed to him by the board of water and sewerage commissioners of Brooklyn in 1872, which purported to have been made pursuant to a sale made in 1868 for the non-payment of water rates. The conveyance recited the assessment of the tax, and all the jurisdictional facts and proceedings, essential to justify the sale, and it is claimed that the conveyance was *prima facie* evidence of the regularity of the sale, and of all the prior proceedings recited therein. The statute (Laws of 1854, chap. 384, § 33) declares that a conveyance on tax sales in Brooklyn " shall contain a brief statement of the proceedings had for the sale of the lands, and shall be evidence that such sale and other proceedings were regularly made and had according to the provisions of the act." It is I think the true construction of the statute, that the conveyance is evidence of those proceedings only which are to be stated in it. These embrace the sale and the other proceedings connected with the sale, but not the assessment or proceedings which take place before the right to sell attaches. (*Beatman* v. *Bigham* 1 Seld., 366.) No proof was given in respect to the tax title beyond the production of the conveyance, and the defence founded upon it was not thereby established.

The other points made by the defendant have been examined but I see no ground for disturbing the judgment, and it should be affirmed.

All concur.

Judgment affirmed.