ESTHER T. BROWNING v. JOHN P. RITTENHOUSE.

1. Time in pleadings held immaterial.
2. Where a debtor has been arrested on a *ca. sa.*, and been permitted to escape by the sheriff, and afterwards has returned to the sheriff's custody and given bond and made application for the benefit of the insolvent laws, and the creditor has resisted the application, without having knowledge of the previous escape, the creditor does not thereby waive his right of action against the sheriff for such escape.

---

In debt. On motion to strike out pleas.

Argued at November Term, 1875, before Justices SCUDDER and DIXON.

For the plaintiff, *J. S. Aitkin.*

For the defendant, *G. A. Allen.*

The opinion of the court was delivered by

DIXON, J. The plaintiff's declaration alleges that the defendant, being sheriff of the county of Hunterdon, had arrested one J. L. upon a *ca. sa.*, at her suit, and that, on September 16th, 1874, having the said J. L. in custody under that writ, he permitted him to escape, and seeks to recover from the sheriff the amount of the judgment against J. L. for such voluntary escape. To this declaration the defendant pleaded three pleas, and the plaintiff now moves to strike out the second and third pleas. The second plea sets out that, while J. L. was in the defendant's custody, under the *ca. sa.*, and before its return, viz. : on September 28th, 1874, the said J. L. gave to him an inventory and bond, pursuant to the act abolishing imprisonment on civil process in certain cases, and thereupon he discharged J. L. from custody, and so returned the *ca. sa.* with the bond and inventory, and delivered the bond to the plaintiff, who accepted the same ; and the plea avers that these facts constitute the escape of which the plaintiff complains. The objection urged against this plea is, that the declaration sets out an escape on September 16th, and that it is no answer to that to say that the sheriff took an insolvent bond on September 28th. But the date, in neither the declaration nor the plea, is material ; the material allegation as to time is that contained in the plea, to the effect that the circumstances which it sets forth constitute the escape of which the plaintiff complains. If this and the other material allegations in the plea are true, the defence is complete, and the plea is therefore good.

The third plea avers in substance that, after J. L.'s arrest on the *ca. sa.*, he applied to the Hunterdon Pleas in December, 1874, for his discharge under the insolvent laws ; and that, at the hearing, the plaintiff appeared as an opposing creditor, and by reason of the opposition and proofs, procured him to be remanded by the court, and thereupon the said J. L. surrendered himself to the sheriff of Hunterdon county, and afterwards renewed his application for the benefit of the insolvent laws, and was thereby discharged from custody.

The ground upon which the defendant seeks to sustain this plea is, that the plaintiff, having opposed the application of J. L. for discharge, had thereby conclusively elected to consider him in lawful custody, or in what was legally equivalent thereto, and so had waived the voluntary escape.

In his opinion, in *Brown* v. *Littlefield,* 11 *Wend.* 467, Chanceller Walworth says : " The law appears to be well settled that, where the sheriff intentionally permits a prisoner in execution to go at large, he cannot retake him on the same execution ; but if the prisoner voluntarily returns into the custody of the sheriff after such an escape, the plaintiff has his election, either to sue the sheriff for the escape, or to affirm the prisoner in execution under the original commitment." *James* v. *Pierce,* 2 *Lev.* 132 ; *Rawson* v. *Turner,* 4 *Johns.* 469.

In *McElroy* v. *Mancius,* 13 *Johns.* 121, the court intimates that an action of debt for the escape would so determine the plaintiff's election as to prevent his opposing the defendant's discharge as an insolvent debtor ; and some of the judges in *Dash* v. *Van Kleeck,* 7 *Johns.* 477, seem to incline to the opinion that, if the plaintiff, *with knowledge of the voluntary escape,* oppose the defendant's discharge, he thereby waives his action against the sheriff. But in *Ravenscroft* v. *Eyles,* 2 *Wilson* 294, Chief Justice Wilmot said : " If an escape be voluntary in the gaoler, nothing afterwards will purge it." Nor, indeed, is it entirely clear that there is anything inconsistent in the plaintiff's pursuing his remedy against the sheriff for permitting the defendant to escape, and at the same time also pursuing his remedy against the defendant who has voluntarily returned into the sheriff's custody. A man may well have divers remedies against several persons for the same debt, the law in such cases being careful that he obtain but one satisfaction. It is not, however, necessary to decide that question upon this motion. All the cases go upon the idea that before the plaintiff can be held to have made an election, it must appear that he had knowledge of the facts which gave him the election. Such knowledge is a necessary ingredient

in the exercise of choice.   But in the plea before us it is no-
where averred that the plaintiff had any notice of the escape
at the time she opposed J. L.'s discharge, and for this cause
the plea is bad.   It may be all true, and yet, either at first
blush or upon careful examination, it appears to contain no
answer to the plaintiff's suit.   I may further state that, if
such election be specially pleadable, the plea would be one of
confession and avoidance, and should confess more than this
third plea admits.   Probably, however, if the facts constitute
a defence at all, the proof of them at the trial will be as well
supported upon the plea of *nil debet* as upon any plea that
can be framed.   Let the third plea be struck out, with costs.