ELEANOR TERRETT, Appellant, *v.* THE BROOKLYN IMPROVEMENT COMPANY and others, Respondents.

*Mortgage — not covered by the word "conveyance" contained in an exception in a deed — A sale under a judgment is void when the judgment is in effect paid — Confession of judgment — what sufficient.*

A sheriff's deed, given in pursuance of a sale under an execution, after describing certain premises, proceeded : ' Excepting from and out of such sale such parts of said premises (if any) as had been lawfully conveyed by said Cowenhoven and others, by conveyances duly recorded in the registrar's office of Kings county, prior to October 12, 1855." Prior to the time mentioned the same premises, described in the deed, had been mortgaged by Cowenhoven.

*Held,* that the mortgage was not a conveyance within the intention and meaning of such exception.

Cowenhoven conveyed certain lands to one Cook, in payment of a judgment held by Cook against him, and agreed to discharge certain incumbrances thereon; Cook to hold the judgment until he should do so. Subsequently, in an action by Cowenhoven to have the judgment satisfied, it was adjudged that Cook was entitled to enforce it as a security and indemnity against the liens and incumbrances referred to in the agreement, but for no other purpose, and a reference was ordered to ascertain the amount for which the judgment might be held and enforced. Subsequently, and without any proceedings having been had before the referee, land belonging to Cowenhoven was sold under the judgment, and a deed executed to the purchaser.

*Held,* that the sale was void, as having been made, in effect, under a paid judgment.

A confession of judgment in which the defendant states that the indebtedness " is for a debt justly due from me to said plaintiff for moneys to that amount loaned and advanced to me by said plaintiff," is sufficient as between the parties and is only voidable, if at all, in a direct action or motion to vacate it by a junior judgment creditor or *bona fide* purchaser.

Appeal from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury.

The action was brought in the City Court of Brooklyn.

The appeal could not be heard at the General Term of that court, owing to the incapacity of the judges thereof to hear it.

The action was one of ejectment, brought to recover the possession of certain premises situated in the city of Brooklyn.

*D. P. Barnard,* for the appellant.

*Henry C. Murphy, Jr., Winchester Britton,* and *Edwin C. Litchfield,* for the respondents.

BARNARD, P. J.:

The plaintiff's title is derived from the sheriff's sale and deed under a judgment confessed by Cowenhoven (the source of title) to Gilbert R. Terrett on May 30, 1853. The only statement of the grounds of indebtedness, in the confession of judgment (after stating the amount for which judgment is authorized to be entered), is as follows : This " confession of judgment is for a debt justly due from me to said plaintiff for moneys to that amount loaned and advanced to me by said plaintiff." . This statement was sufficient as between the parties to the judgment, and the judgment was only voidable, if at all, in a direct action or motion to vacate it by a junior judgment-creditor or *bona fide* purchaser. (*Neusbaum* v. *Keim*, 24 N. Y., 325; *Harrison* v. *Gibbons*, 71 id., 58.) It was not expressely proved that the premises, to recover which this action is brought, were embraced in the description of property conveyed by the sheriff's deed, but I think it was substantially conceded on the trial that they were so included.

After the plaintiff's proofs had been taken a motion was made to dismiss the complaint upon the ground, among others, that the premises in question were covered by a certain mortgage executed by Cowenhoven to Lowrey, and as the sheriff's deed excepted all property prior to a certain date conveyed by Cowenhoven, it was contended that the mortgage was a conveyance, and that, therefore, the property described in it was excepted from the sheriff's deed. It is a fair inference that but, for the exception, the property in question would have been conveyed by such deed. The premises included in the mortgage are therein described by the same description as that embraced in the complaint in the present action. It was not alleged that Cowenhoven had conveyed the premises otherwise than by the mortgage. If the mortgage was not a conveyance of the land, within the meaning of the exception in the sheriff's deed, it follows that such land was embraced in the property wnich that deed purported to convey. After the judge had denied the motion to dismiss, I think the question which he passed upon in his opinion there pronounced should have been treated as settled for all the purposes of the trial, otherwise the parties were liable to be misled. The sheriff's deed, after describing the premises sold, contains the following except-

ion : " Excepting from and out of such sale such parts of said premises (if any) as had been lawfully conveyed by said Cowenhoven to others by conveyances duly recorded in the register's office, of Kings county, prior to October 12, 1855."

I think the mortgage to Lowrey was not a conveyance within the intention and meaning of this exception. The intention was to convey or sell by the sheriff's deed all the estate the judgment-debtor had remaining in the property.

The mortgage did not divest him of the legal title, but left him still the owner of such an estate therein as could be sold under execution. A mortgage is only a lien, and the mortgagor continues both in law and equity to be the owner of the fee. (*Trustees of Union College* v. *Wheeler*, 61 N. Y., 118.)

The exception above stated did not render the sheriff's deed void for uncertainty. It was not necessary that the excepted parts should be particularly described in the deed. The reference to the record in the register's office furnished sufficient means of ascertaining the extent of the exception.

The defendants derive their title from a sheriff's sale under executions upon judgments in favor of Purcell Cook against Cowenhoven, prior to the judgment, which is the basis of the plaintiff's title. It appeared in evidence that Cowenhoven sold and conveyed to Cook certain lands to pay such judgments ; that the lands so conveyed were incumbered, and that it was agreed between them that Cook should hold the judgments until Cowenhoven should remove the incumbrances. Afterwards, Cowenhoven commenced a suit in equity against Cook to have the judgments canceled, and a decree therein was finally rendered, to the effect, that Cook was entitled to hold and enforce the judgments as " security and indemnity against the liens and incumbrances referred to in the agreement between the parties," but for no other purpose, and ordering a reference to ascertain the amount for which the judgments might be held and enforced. No proceedings were ever had before the referee, and, as I understand the evidence, it was not proved that Cook ever paid anything upon the liens and incumbrances against which these judgments were his security. The judgments were paid by the conveyance from Cowenhoven to Cook, unless Cook sustained damages by reason of the incumbrances, and in that

event the judgments were to be enforced for the amount of such damages only. By the decree above referred to Cook was required to establish before the referee the amount, if any, for which the judgments might be enforced, before he had any power to enforce them by executions and sales under them. Having issued executions thereon without first ascertaining, in the manner directed by the decree, whether anything and how much was due to him thereon, and having sold the property in question under such executions such sales were illegal and void. They were, in effect, sales under paid judgments, and even *bona fide* purchasers could obtain no title at such sales. (*Wood* v. *Colvin,* 2 Hill, 566; *Carpenter* v. *Stilwell,* 11 N. Y., 71–76.) The facts found concerning the foreclosure suit of Hart (assignee of the Lowrey mortgage) against Cowenhoven, in which the Cook judgments are admitted to be liens prior to the mortgage, and the findings concerning the judgment and execution sale in favor of Horatio G. Onderdonk, all relate to a period prior to the decree in the case of *Cowenhoven* v. *Cook,* and one of no importance in the determination of the present action.

The deeds to the defendants from the collector of taxes are ineffectual as a defence, because the facts and proceedings required by the statute to give the collector power to sell were not proven. Without such proof the deeds were not sufficient to protect the defendants in their possession. (*Rathbone* v. *Hooney,* 58 N. Y., 463; *Marsh* v. *City of Brooklyn,* 59 id., 280: *Hilton* v. *Bender,* 69 id., 75.)

The judgment appealed from should be reversed and a new trial granted, costs to abide event.

DYKMAN, J., concurred ; GILBERT. J., dissented.

Judgment reversed and new trial granted, costs to abide event.