Speak, J.
That a leasehold interest in a term for years passes, upon the death of the lessee, to the personal representative and not to the heir, and that such representative thereby *172 becomes an assignee of tbe lease by operation of law, is elementary. He may dispose of the unexpired term by sale, as of other assets, and by assignment, and thus avoid personal liability for rents coming due, though the estate would remain liable to the lessor upon the covenants in the lease. But if the representative enters into possession of the leased premises, he thereby incurs liability, in his personal character, to the extent of profits actually received. If the rent be of less value than the profits of the land, as the law prima fade supposes, so much of the profits as suffice to make up the rent belongs equitably to the lessor, and cannot lawfully be otherwise applied ; hence the personal liability to the extent stated. It may be charged against the representative who refuses to so pay over that he owes and unlawfully detains. So that, while his personal liability does not exceed what the property yields, nevertheless the rents received by him, being treated not so much as assets as profits of the land, the law specifically appropriates them to the benefit of the landlord to an amount equal to the rents reserved in the lease. The representativé takes the lease as assignee by virtue of his office, as he takes other chattel interests of the deceased. The term is assets in his hands, and he is none the less an assignee because the liability incurred is not in all respects as onerous as that of an assignee in fact. The rule is not a hard one. It but enjoins good faith, and a proper discharge of duty. Taylor’s Landlord and Tenant, sections 434, 461; 3 Williams on Executors, 1854; Sutliff v. Atwood, 15 Ohio St. 186; Jevens v. Harridge, 1 Saunders, 1; Tremeere v. Morison, 1 Bingham, 89; 1 Chitty on Pleadings, 383; Howard v. Heinerschit, 16 Hun. 177.
It is manifest that the defendant in this case could avoid personal liability for rents coming due between the entry and the time of yielding possession only by showing an express contract to look to him as executor only, or such conduct on the part of the lessor as in effect precluded her from enforcing ' personal liability. No such express contract is shown; indeed, it appears affirmatively that none was made. But the claim is, that by the giving of certain receipts for rent to him as exeecutor, and by the commencing of an action against him in his *173 representative capacity, the plaintiff elected to hold him liable in that capacity only. Some twenty-eight receipts for rent, embracing divers sums, were given by the lessor’s agent while the defendant remained in possession, eight of which acknowledge ‘receipt of money from " M. Becker, executor.” These were given in this form at the request of the defendant for the purpose of filing them as vouchers with his account in the probate court. The insolvency of the estate was not known at the time of the giving of these receipts, or any of them.
It may be said, as a deduction from the authorities on the subject, that an election is the making of a choice between two or more benefits or rights which estops the party from afterward denying that an election has been made, and from demanding some benefit or right other than the one chosen. Except in cases where his conduct has been such as to mislead another party to his prejudice, the party having a right to elect must have proceeded upon the idea that he was bound to elect; he must have had knowledge of his obligation to elect as matter of law; there must have been a purpose to elect, and an actual election. And where the election is as to one of two or more remedies, in order to make a selection of one a bar to a pursuit of the other, it must appear that they are inconsistent, and that the one last sought is not merely cumulative. As applied to a claimed election under a will, Wood, J., in Melick v. Darling, 11 Ohio, 343, gives this definition : "To create a case of election, there must be a plurality of gifts or rights, with an intention, express or implied, of the party who has a right to control one or both, that one should be a substitute for the other.” Having these rules in mind, it is difficult to see that the doctrine of election can be held to apply to the giving of the receipts in question. The defendant’s position was that of one having in his possession moneys, profits received out of the land, which could not lawfully be applied to any purpose until the rent due the lessor had been paid; so that, in paying over to the lessor of such money upon the rent due her he was but doing what the law made it his duty to do, and an assent to that performance of duty by the lessor could not be treated as any abandonment of a right to resort to other remedies which *174 tbe law gave ber in case of failure to perform tbat duty by tbe executor in tbe future. She bad the right in such event, to look to the estate, or to the executor personally, and these remedies were not inconsistent. There would be no taking of one thing and rejecting another. The former remedy was primary, and the latter, in a sense, cumulative. The executor stood in two relations, but that did not make the plaintiff’s claim inconsistent. Moreover, there was no obligation to elect, nor does it appear that either party at the time understood that an election was being made, and there certainly is not shown to have been a purpose on the part of the lessor to make an election. She might, indeed, recognize the possession of the defendant as the possession of the estate, and even treat him as her debtor as the representative of the estate without impairing her right to hold him as personally liable, because such possession in such representative capacity is the ground of his personal liability, and the estate was liable to her as the primary debtor. It was not essential to personal liability that he should have entered for his personal benefit, nor as a wrongdoer. Nor does it appear that the doctrine of estoppel applies. The conduct of tbe plaintiff in no way induced the defendant to change his position to his prejudice. Her position, as to the profits of the leased premises, was not, in principle, different from tbat of a creditor of a solvent estate whose claim has been duly allowed, but which, after lapse of full statutory time, the executor, though possessed of abundant means, refuses to pay. In such case the executor has received moneys which it is his duty to pay over to the creditor, and the latter has the right to proceed against him personally. This right does not interfere with his equal right to compel payment from the assets of the estate.
The filing of the first petition in the case is claimed to constitute an election. In the caption to that pleading the defendant was described as “Michael Becker, executor of the estate of Abram Rafenstein, deceased,” and in the body the allegations purported to charge him as executor. Before answer, on leave, the petition was amended so as to charge him personally. This leave was granted without prejudice to de *175 fendant’s right to insist that plaintiff had elected to make her claim against him as executor, and not personally.
Our practice encourages great liberality in pleading, and the code enjoins the duty of allowing amendments at all stages of a case in furtherance of justice. The commencement of the action by the filing of an original petition against defendant as executor worked no prejudice to him, and it is not easy to see why such commencement of the action should preclude amendment on the part of the plaintiff in order to charge him personally. It was no more than the discontinuing of one action and the commencement of another, and this may have been induced by the discovery that the one would prove wholly fruitless. The authorities cited by counsel for plaintiff in error in his brief hardly meet the case before us. Had this case proceeded to trial and judgment upon the original petition, a different question would have been presented, and'the cases cited which involve a like question would have been in point. There is a class of cases which hold that the selection and prosecution by a party of one of two or more remedies which are wholly repugnant, the choosing of one being necessarily an abandonment of the other, estops the party to deny that he is bound by his selection. Of these, the case of M'Elroy v. Mancius, 13 Johns. 121, is an instance. One Hubble, a prisoner in execution, escaped. Action was brought by the creditor against the sheriff. At the trial the sheriff sought to prove that the prisoner afterward gave himself up, and, after due notice, applied for his discharge pursuant to the act for the relief of debtors, and that the plaintiff appeared in opposition, but the prisoner was discharged. The court ruled out the testimony. This was sustained by the reviewing court, which held that where a plaintiff brings an °action „against a sheriff for the escape of a prisoner in execution,"the plaintiff’s election to consider him as oat of custody is thereby determined, and he could not resort to a remedy which would be an acknowledgment of the debtor being in custody. Brown v. Littlefield, 11 Wend. 467, is of like import. Another class of cases is to be found where the character of the dealings between the parties has been held to constitute a binding election. Of this *176 class Bilborough v. Holmes, 5 Ch. Div., L. R. 255, is one. A member of a banking firm died and new parties came in. The 'depositors, having full' knowledge of the death, continued to deal with the new firm as they had before dealt with the old, making no claim against the estate of the deceased, but taking interest on deposits from the new firm until it failed, when they sought to hold the estate. Held, a novation, and that there could be no recovery. Still another class of cases is cited where the conduct of the party as to the subject-matter which is the basis of the suit has been such as to work an estoppel. Rodermund v. Clark, 46 N. Y. 354, is of that character. Ward and Clark owned a vessel. Clark undertook to sell the whole of it to Malcolm. Ward disputed the right to sell, forbade the sale, and afterward took actual possession. Malcolm began suit for possession in a state court, but Ward, by giving bond, retained the vessel. Malcolm afterward began proceedings by a libel in a federal court to recover possession as against Ward, and the marshal seized the vessel. Ward was served, but did not defend, and the vessel was delivered to Malcolm, who retained it. It was held that Ward, having elected to assert his right by retaining possession and refusing to recognize the sale, he and his assigns were precluded from maintaining air action against Clark for the conversion. Weeks v. Patten, 18 Me. 42, is of still another class. In this case it was held that one who had taken a beneficial interest under a will could not afterward set up a claim which would defeat the will. It seems plain that cases of the character hero given can have no material bearing upon the case under consideration.
It is not necessary to undertake to lay down any general rule, as to election, by which all cases should be governed. Indeed it is apparent that no general rule can bo given, but that every case must be left to be decided upon its own. particular circumstances. But in a case like this there need be no hesitancy in declaring, upon authority as well as reason, that until prosecuted to final judgment, the claim made against .the executor as such would not stand in the Avay of a claim against him personally. There are reputable authorities Avhich *177 would warrant the holding that nothing short of satisfaction would work that result. We are not called upon, however, to go to that length. 1 Chitty on Pleading, 234; Clinton Bank v. Hart, 5 Ohio St. 34; Bank of Beloit v. Beale, 7 Bosworth, 626; Nason v. Cockroft, 3 Duer. 369; Rathbone v. Hooney, 58 N. Y. 463; Marsh v. Chamberlain, 2 Lansing, 283; Tayloe v. Thomson, 5 Peters, 357.
The charge given to the jury by the learned judge who presided at the trial was in consonance with the views here expressed, and was a lucid and correct exposition of the law upon the subject.
Complaint is also made that there was error in the direction given by the court as to the right of defendant to have deduction by reason of the payment by him, out of moneys so received, of certain notes given to plaintiff by the deceased for back rents. We think not. The record shows that the executor made the application of the money on the notes, and that, deducting from the profits received by the executor, the amount of the notes paid, there was yet abundant means to pay accruing rents to the lessor. The principle of law given was correct, and no injustice was done by the verdict.

Judgment affirmed.