(63 App. Div. 294.)

### LEONARD v. HARNEY et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. WILLS—LIFE POLICY—BEQUEST.
 Where testator bequeaths to his wife an insurance policy which, by its terms, is payable to his legal representatives or assigns, the words "legal representatives" are not to be taken in their technical sense, and the proceeds of the policy go to the wife, instead of the executrix.

2. SAME—LEGATEE AS EXECUTRIX—SUIT INDIVIDUALLY—ACTION AS EXECUTRIX —APPEAL—ESTOPPEL.
 Where a wife who is executrix of the will of her husband sues as a legatee under the will for the proceeds of a life policy, and judgment is rendered against her, and subsequent to an appeal she recovers the proceeds of the policy in a suit as executrix, such recovery is no ground for dismissing her appeal, inasmuch as the plaintiff acts in each suit in a different capacity.

3. SAME—SUIT BY LEGATEE—STATUTES.
 Code Civ. Proc. § 1819, providing that after the expiration of one year from the granting of letters testamentary a person entitled to a legacy share may maintain an action against the executor, has no application to the case of a wife, to whom the proceeds of an insurance company are bequeathed, suing the insurance company for the amount of the policy.

Appeal from special term, Kings county.

Action by Henry W. Leonard, as executor of the last will and testament of Antonietta Harney, deceased, against William H. Harney, impleaded with the Provident Savings Life Assurance Society. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

James Stikeman, for appellant.
James E. Chandler, for respondents.

GOODRICH, P. J. On February 3, 1887, William A. Harney applied to the Provident Savings Life Assurance Society of New York for an insurance of $10,000. The application contained the following:

"(8) Name in full of the beneficiary for whose benefit the insurance is applied for: To whom I may direct in my will. * * * I hereby apply to the Provident Savings Life Assurance Society of New York for an insurance of ten (10) thousand dollars, payable at my death, * * * in behalf of and for the benefit of my estate as I may direct in my will."

The policy was issued on the next day, and contained the promise of the assurance society "to pay to William H. Harney (the beneficiary under this policy), or to the legal representatives or assigns of said beneficiary," the sum of $10,000. The insured was married at the time of the issuance of the policy, but his wife died in July, 1893. He married the plaintiff in August, 1894, and died in November, 1898. He left a last will, dated December 18, 1894, in which he bequeathed to his wife, Antonietta Harney, the plaintiff, the policy in question, subject to the rights of one Jaquith under an assignment. In November, 1891, the insured assigned to Jaquith the policy of insurance as security for indebtedness, which at the time of his death amounted to $7,391.92. The will contained a provision as follows:

"Third. Inasmuch as my children are legatees to a large amount under the last will of my father, I have made no further provision for them in this, my will, but I have made the provisions herein for my wife, as I know her to be one of the best of wives, and one of the noblest of women, and deserving the respect and advice of all who may grieve when my death occurs."

He also appointed his wife sole executrix.

The plaintiff made due proof of loss and notice of the death of the assured to the company in December, 1898, and in March, 1899, commenced the present action against the assurance society to recover the amount of the policy. She made Jaquith a defendant, alleging that he was a creditor of the assured to about the amount already stated. She made William H. Harney a defendant upon the allegation that he had given notice to the assurance society not to pay the plaintiff the amount of the policy, and she asked judgment that the amount due Jaquith should be ascertained and paid, and that she recover the residue of the amount due under the policy. On May 1, 1899, an order was made giving the assurance society leave to pay into court, by depositing with the People's Trust Company, of the borough of Brooklyn, $10,000, the amount of the policy, and be relieved from liability thereunder. On the 5th of May, the money—$10,125—having been thus deposited, the action was discontinued against the assurance society. On May 9th an order was made directing the trust company to pay $7,391.92 to the defendant Jaquith, and directing the discontinuance of the action against him. Thus there was left in the court, on deposit with the trust company, $2,733.08. The court dismissed the complaint on the following ground:

"From the contract of insurance, which includes the application therefor, and all the surrounding circumstances, I am led to the conviction, and consequently so find, that at the assured's death the policy, subject to the creditor Jaquith's rights therein, was a part of his common assets, and as such properly belonging to and enforceable by his personal representative, the executrix."

A judgment being entered thereon, this appeal is taken.

There is also a motion to dismiss the appeal, based on the following facts: On January 8, 1900, the plaintiff, Antonietta Harney, commenced an action in the supreme court, as executrix of the last will of her husband, against William H. Harney, the present defendant, alleging the facts connected with the fund remaining on

deposit with the People's Trust Company,—$2,726.35,—and praying for a judgment that she was entitled to such deposit, with such interest as· it might earn, and that said trust company pay the. same to her. The defendant demurred. The demurrer was overruled, and an interlocutory judgment entered directing the payment of the deposit to the plaintiff as executrix. On the argument of the motion and of the appeal it was stated that the deposit had been paid to the plaintiff as executrix. The motion to dismiss the appeal was made on the ground that, since the appeal was taken the plaintiff and appellant had obtained possession of the fund on deposit with the People's Trust Company, of Brooklyn, under a judgment in the action, and therefore had acquiesced in the judgment rendered below, which was that the said deposit was a common asset of the estate, of which she is the executrix, and that she was entitled to such deposit in her representative, and not in her individual, capacity. The motion to dismiss the appeal should be denied, for reasons which will hereafter appear.

The appeal from the judgment requires an examination of the evidence, in order to· ascertain, in the first place, what was the intention of the testator at the time of the issuance of the policy, as to the character of the fund, the method of its disposal, and the designation of the person to be benefited. This search for intention, however, as to the ultimate disposition of the fund, is not to be confined exclusively to what occurred at the time of the issuance of the policy, provided his intention then was that the fund should become a part and an asset of his estate, to be disposed of by will, or, in case of intestacy, according to the law in such case provided. The application clearly expresses the intention of ·the assured that the policy was to be issued for the benefit of his estate, to be disposed of as he might direct in his will; and the policy was payable to the "legal representatives or assigns of the assured," thus indicating by the use of the latter words his design to retain control up to the time of his death. There is nothing in the record to show that the assured ever made any will other than the one to which we have referred, which is dated subsequently to the death of his first wife, who was living at the date of the policy, and also to his second marriage. Turning now to this will, his intention as to the disposition of the amount of insurance is shown by the bequest to the plaintiff, especially in view of its emphatic reference to his second wife. Taking into consideration the application, the policy, and the will, the intention of the deceased may be clearly derived, namely, that the policy was obtained for the benefit of his estate, that he should retain the control as long as he lived, and that the fund was to be disposed of as an asset of his estate, as he might direct by will. That direction was the bequest to the plaintiff. The terms of the will exclude the idea that any of his children were to receive any portion of the amount. The appellant, however, contends that the policy must control, and the court found that the words "legal representatives therein" must be given their ordinary meaning, and that those words indicated that the policy was to be payable to the plaintiff as executrix, and

not individually. We think this was an erroneous decision, and our view is fortified by the authority of Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464, and Sulz v. Association, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379. In the former case the court held that, while the strict, technical meaning of the words "legal representatives" is "administrators or executors," and they must be so construed in the absence of anything showing a different intent, as they are not always used in this sense, it is the province of construction in any case to ascertain the sense in which they were used, and that for that purpose the subject-matter and the surrounding circumstances, as well as the language used, may be considered. Applying the doctrine announced in these cases to the facts as we have stated them, it follows that the plaintiff is the owner of the fund in her individual capacity. This result may seem inconsistent with the fact that, after the entry of the judgment here appealed from, the plaintiff brought an action as executrix against the defendant William H. Harney, to adjudge her, as executrix, to be entitled to the fund, and that she has obtained such a judgment in that action. That fact appears only in the moving papers on the motion to dismiss the appeal, and forms no part of the record on this appeal. In addition to this, it may be said that in the argument of counsel a confusion of ideas results from the fact that the identity of Mrs. Harney individually is not separated from her identity as executrix. These are two separate entities, totally distinct. This will be made evident if we assume that not Mrs. Harney as executrix, but some other person in such capacity, had brought the second suit, and obtained judgment therein. The executor, whether Mrs. Harney or another person, would be estopped as executor to deny that he had come into possession of the fund in his representative capacity, but Mrs. Harney as an individual is no more estopped by her judgment as executrix than she would be if any other person as executor had brought the action in which the judgment was obtained. Bigelow, Estop. (5th Ed.) pp. 130, 131; Rathbone v. Hooney, 58 N. Y. 463, 467. The effect of that judgment is that the fund has been reduced to the possession of the executrix of the will, and upon a final accounting before the surrogate the judgment in the present action may be introduced as evidence that Mrs. Harney individually is entitled to the money as a legacy under her husband's will, provided there are no claims of creditors of the deceased reducing the amount.

The appellant also contends that the action is prematurely brought, and that, inasmuch as the plaintiff sues as legatee for the payment of the legacy under the will, such an action, under section 1819 of the Code of Civil Procedure, cannot be commenced until after the expiration of one year from the granting of letters testamentary. The answer to this is that the action was not brought against an executor for the payment of a legacy, but against the assurance society for the amount of the policy. The section refers solely to an action against an executor for the recovery of a legacy. Its purpose was to enable the executor to realize the assets and adjust the liabilities of the estate before he could be vexed by suits

of legatees. The section is the complement of section 2721, which forbids the payment by an executor of any legacy until one year after the grant of letters. We are of opinion that the judgment should be reversed, and, as the result depends on the documentary evidence, that a final judgment should be ordered for the plaintiff.

Judgment reversed, and judgment ordered for the plaintiff, with costs. All concur.